**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SUSANNA BRUCE-MICAH,

                              Plaintiff,

      v.                                            1:22-CV-153 (DNH/CFH)

BAPTIST REHABILITATION NURSING CENTER,

                              Defendant.

---

**APPEARANCES:**

Susanna Bruce-Micah
1665 Becker Street
Schenectady, New York 12304
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**UNITED STATES MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

### I. Background

Presently before the undersigned for review pursuant to 28 U.S.C. § 1915 is plaintiff pro se Susanna Bruce-Micah's amended complaint. See Dkt. No. 5. In a June 27, 2022, Report-Recommendation & Order the undersigned (1) granted plaintiff's in forma pauperis application, (2) denied plaintiff's motion for appointment of counsel without prejudice, (3) recommended that plaintiff's Age Discrimination in Employment ("ADEA") claims, Title VII retaliation and discrimination claims, and slander claims under New York State law be dismissed without prejudice. See Dkt. No. 5. On July 18, 2022,

the Court adopted the Report-Recommendation & Order in its entirety. See Dkt. No. 6. On October 17, 2022, plaintiff filed an amended complaint. See Dkt. No. 7.

## II.  Section 1915 Review of Amended Complaint

Plaintiff's amended complaint addresses solely her claims for slander against her supervisor, Sherri. Although the Report-Recommendation & Order, adopted by the Court, concluded that plaintiff needed to amend her purported ADEA claims to address the issue of the untimely commencement of this lawsuit, plaintiff's amended complaint does not touch on this question at all. See Dkt. No. 5 at 12 ("Plaintiff provides no explanation as to why she filed this action untimely, or whether she should be entitled to equitable tolling."). Further, assessing plaintiff's purported Title VII claims, the Court noted that plaintiff "does not sufficiently identify her membership in any protected class under Title VII" but permitted plaintiff an opportunity to amend to supply this information. Id. at 10, 16. Interestingly, although her amended complaint discusses the "floating" issue, it says nothing about plaintiff's age or race compared to other employees' ages or races; instead, it contends that plaintiff was terminated from her employment for insubordination, which plaintiff disputes, instead contending she was terminated for reporting Sherri to Human Resources. See generally Dkt. No. 7 at 3. Indeed, although it is well-established that an amended complaint is intended to be a complete pleading such that it supersedes and replaces the original complaint in its entirety, plaintiff did not replead any facts relating to discrimination based on her age or race at all and fully fails to cure the defects the Court identified in the Report-Recommendation & Order and adopting Decision & Order. See generally id. at 5, 6; Arce v. Walker, 139 F.3d 329, 332

n.4 (2d Cir. 1998) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").  Accordingly, the undersigned recommends that plaintiff's Amended Complaint, insofar as it seeks to replead claims for ADEA or Title VII, be dismissed with prejudice for the reasons discussed above.

As the undersigned recommends dismissing plaintiff's federal claims for her failure to (1) replead those claims and factual allegations in her amended complaint, and (2) address the issue of untimeliness of this action raised in this Court's June 27, 2022, Report-Recommendation & Order, the Court further recommends denying supplemental jurisdiction over plaintiff's state law slander claim.  See Dkt. No. 5 at 14 ("[A] district cour[t] may decline to exercise supplemental jurisdiction over a claim where it has dismissed all claims over which it has original jurisdiction.") (citing 28 § U.S.C. 1367(c)).

### III.  Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**RECOMMENDED**, that plaintiff's amended complaint (dkt. no. 7) be **DISMISSED** in its entirety **WITH PREJUDICE**, and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the

Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: September 29, 2022
Albany, New York

*/s/ Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge